K. MWASI
T02518
SPQP
SAN QUENTIN, CA. 94964

IN PRO PER

**FILED**
AUG 17 2023
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

U.S. DISTRICT COURT
EASTERN DISTRICT

K. MWASI,
   PLAINTIFF,

VS

DR. ADEKUNLE SHITTU;
J. JETER, ASSOC WARDEN;
TED KUBICKI, MEDICAL CEO;
FITE-BARKER, RN;
NORTH KERN STATE PRISON,
   A PUBLIC ENTITY;
CA. DEPT OF CORRECTIONS,
   A PUBLIC ENTITY;
DR. JAMES CHAU;
DR. AMEN ZENAHLY, DENTIST;
RN ETRATA;
GUARD MARQUEZ;
JANET MEDA, DNP-FNP-C;
B. JOHNSON, CCII;

DOES 1 TO 10, ET AL.
      DEFENDANTS.
DEFENDANTS SUED IN OFFICIAL
AND INDIVIDUAL CAPACITIES,
DEMAND FOR JURY TRIAL.

CASE NO 1:23-CV-364-BAM (PC)

FIRST AMENDED COMPLAINT

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 USC §1983;
VIOLATIONS OF 1ST, 4TH, 8TH,
AND 14TH AMNEDMENTS; AND
"ADA";
ALSO: VIOLATINONS OF CA.
STATE TORT LAWS; IIED,
NIED, NEGLIGENCE, AND MORE.

**RECEIVED**
AUG 17 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

- 1 -

## INTRODUCTION

This is ~~civil~~ a civil rights action by K. Mwasi, for damages, under 42 USC §1983, alleging: denial of medical care, gross negligence, deliberate indifference, conspiracy to ~~dean ne~~ deny medical care, conspiracy to harass, medical malpractice, ~~mele~~ medical negligence, and more. In violation of US Constitution 1st, 4th, 8th, 14th ~~Aeal Ama~~ amendments, and "ADA." And state torts of ~~meal~~ medical malpractice, negligence, IIED, NIED, state "ADA" laws, and more.

# ABBREVIATIONS

CCP — CHRONIC CARE PATIENT
CCII — CORRECTIONAL COUNSELOR II
CSP — CORCORAN ~~WS SAE~~ STATE PRISON

DNH — HEARING-IMPAIRED NOT REQUIRING TRANSFER.
DPH — ~~HS SE~~ HEARING-IMPAIRED ~~REQUIRING~~ NOT REQUIRING TRANSFER.

MD — MEDICAL DOCTOR

NKSP — NORTH KERN PRINSON
PCP — PRIMARY CARE PHYSICIAN,
RN — REGISTERED NURSE
R&R — RECEIVING & RELEASE

SLI — SIGN LANAGUAGE ~~INSITE~~ INTERPRETER

## JURISDICTION

1) Court has jurisdiction over Plaintiff's claims of Federal Consutitutional violations under 42 USC 1331 & 1343.

2) Court has supplemental ~~eso~~ jurisdiction over state tort claims under 28 USC 1367.

## EXHAUSTION

3) Plaintiff exhausted all ~~addmi~~ administrative remedies, and filed governement Ca. claims ~~purust pre~~ pursuant to Ca. Tort Claims Act.

# PARTIES

5) K. MWASI, T02518, WAS INMATE AS NORTH KERN PRISON DURING EVENTS HEREIN.

6) DR. ADEKUNLE SHITTU WAS CHIEF PHYSICIAN & SURGEON AT NKSP.

7) J. JETER WAS ASSOCIATE WARDEN AT NKSP.

8) TED KUBICKI WAS MEDICAL CEO AT NKSP, BUT HE IS NOT A DOCTOR.

9) FITE-BARKER WAS A RN AT NKSP.

10) DOES 1 TO 10 WORKED AT NKSP, TO BE IDENTIFIED DURING ~~DISVEN~~ ~~VOIDRY~~ ~~COD~~ DISCOVERY.

11) ~~NK~~ NORTH KERN PRISON, A PUMBLIC ENTITY.

12) CA. DEPT OF CORR. & REHAB, A PUBLIC ENTITY.

13) DR. JAMES CHAU, DOCTOR AT NKSP, PLAINTIFF'S PCP PART OF COMPLAINT ~~RES~~ PERIOD.

14) DR. AMEN ZENAHLY, DENTIST OF PLAINTIFF DURING COMPLAINT PERIOD.

15) RN ETRATA; OPTOMETRIST RN.

16) GUARD MARQUEZ; FACILITY GUARD.

17) JANET MEDA, DNP-FNP-C.

18) B. JOHNSON, CCII; 602 COORDINATOR, THEN LITIGATION ~~CORD~~ COORDINATOR DURING COMPLAINT PERIOD.

- 4 -

## STATEMENT OF FACTS

20) On 5-24-2018, Plaintiff transferred to NKSP from Corcoran Prison. At CSP, he was a CCP (Chronic Care ~~PPA~~ Patient) w/ assortement of debilitating and severe/serious medical conditions; ~~in~~ and a very hearing-impaired ~~I~~ person (result of stroke). And he was on various spelicalists ~~case~~ caseloads and waiting appts for specialists.

21) Plaintiffs conditions included:

a) Hearing & speech deficits ~~du recus~~ resulting from stroke in 2013 or 2012. Brain MRI & EEG reports reveals brain damage & dysfunction.

b) ~~VA~~ Othropeadic injuries needing surgery and other treatment, ~~resulti~~ most years long resulting from motorcycle accident on freeway just prior to arrest.

c) ~~De~~bilitating & painful injuries to both ankles; right ~~anel~~ ankle w/ nerve damage; severe back injury; moderate to hip & knee; ~~b~~ moderate to severe to ~~sot~~ both shoulders w/ x-ray showing impingment; moderate to both wrists; moderate to neck; abnormal feet (well documented by multiple podiatrists) and history of orthodic shoes custom (shoes & insoles) molded

22) As part of Federal Court Decree in PLATA v NEWSOM, transferring between prisons requires receiving prison to continue same care and appts w/ specialists, etc, so to avoid neglect & oversight & starting square one. Upon arrival at NKSP and throughout Plaintiff's stay at NKSP (from 5-24-18 to August 2019), Defendants violated that decree routinely and mostly by Defendants SHITTU, and KUBICKI.

23) While many defendants, known and unknown, violated Plaintiff's rights, many defendants and/or many of all defendants' violations were encouraged or directed or motivated by implied or explicit acts/actions/directives/comments by Defendants SHITTU & KUBICKI. A wide-spread conspiracy to deny medical care. Some sparked by MISinformation, some by DISinformation, but defendants knowingly committed deliberate acts of misconduct which violated Plaintiff's rights.

24) When Plaintiff filed complaints, harassment & retaliations ensued & denial of medical care worsened. Defendants SHITTU & KUBICKI conspired to discredit Plaintiff and unlawfully influence other staff to deny medical care.

25) Much of the problem started early upon arrival at NKSP, because of discrepancies concerning Plaintiff's hearing-impairment. Trying to communicate is always difficult for Plaintiff

- 6 -

1  BUT NOT DETERRED FROM TRYING, OTHERWISE,
2  HE CAN'T ACCOMPLISH MUCH. NKSP IS NOT
3  DESIGNATED AS PRISON FOR HEARING-IMPAIRED AND
4  HAS NO SPECIAL ACCOMMODATIONS FOR
5  SUCH INMATES. AND STAFF HAVE Ø EXPERIENCE IN
6  DEALING WITH SUCH DISABILITY. AND QUICK TO BE
7  SUSPICIOUS.
8      26) DAILY, OTHER INMATES MAKE VALLIANT EFFORT
9  TO COMMUNICATE WITH PLAINTIFF w/ GESTURES,
10 BRIEF NOTES [ON HAND, ETC], TALKING SLOW TO READ
11 LIPS, AND LIMITED LETTERING (SIGN LANGUAGE).
12 SO... VARIOUS CUSTODY & MEDICAL STAFF OVESERVE
13 OBSERVE AT A DISTANCE AND ASSUME EITHER NO
14 PROBLEM COMMUNICATING OR PLAINTIFF SEEMS TO
15 HEAR OK, OBLIVIOUS TO THE VARIETY OF WAYS OTHER
16 INMATES TRY TO COMMUNICATE, OR OBLIVIOUS THAT
17 PLAINTIFF DOES UNEDERSTAND MOST OF INTERACTION.
18 NONETHELESS, STAFF LOOKING TO DISCREDIT &
19 NOT AWARE OF VARIBLES, WILL CONVEY TO OTHER
20 STAFF THAT PLAINTIFF CAN UNDERSTAND OK. YET,
21 SUCH OBSERVATIONS ARE AT DISTANCES OF 30-40 YARDS
22 AWAY OF FARTHER.
23     27) ONE DAY, ABOUT A WEEK AFTER ARRIVAL, PLAINTIFF
24 WAS ABOUT 40 YARDS AWAY FROM YARD/FACILITY
25 CLINIC TRYING TO COMMUNICATE WITH INMATE
26 HE KNEW YEARS PRIOR, AND DEFENDANT FITE-BARKER
27 AND UNKNOWN STAFF MISINTERPRETED THEIR
28 OBSERVATION (MORANS), AND CALLED KUBICKI, WHO

-7-

WATCHED FROM INSIDE CLINIC. PLAINTIFF COULD SEE THEM AT DISTANCE, UNAWARE OF THEIR MORONIC CONCLUSIONS & MISPERCEPTIONS FROM AFAR. FROM THAT POINT, KUBICKI CONCLUDED, BASED ON THAT FLAWED PERCEPCTION, THAT PLAINTIFF COULD HEAR OK. AND IN TURN STARTED TELLING STAFF TO NOT ACCOMMOTDATE PLAINTIFF w/ WRITTEN NOTES, ETC.. THAT IF PLAINTIFF REFUSED TO SPEAK NORMALLY AND FOLLOW VERBAL COMMMUNICATION, THEN IGNORE HIS MEDICAL NEEDS.

28) PLAINTIFF WAS UNAWARE OF THIS CONSPIRACY FOR SEVERAL MONTHS. ONE DAY, HE WAS INFORMED BY A STAFF OF THE GAMES & SUGGESTED PLAINTIFF REVIEW HIS MEDICAL FILE. AND THE SIGN LANGUAGE INTERPRETER WAS INTRUCTED TO RESCIND PLAINTIFF'S HEARING-IMPAIRED STATUS, AND THE PCP DR. JAMES CHOU WAS ALSO INSTRUCTED SAME. FROM THEN, STAFF HAD "LICENSE" TO ABUSE PLAINTIFF. ALL BECAUSE SELECT STAFF DREW ERRONEOUS CONCLUSIONS FROM DISTANT OBSERVATION; LACKING COMMON-SENSE AND EXPERIENCE OR TRAINING DEALING WITH SUCH DISABILITY.

29) ONCE ONE STAFF CONVEYS ANYTHING TO OTHER STAFF AS IF A FACT, THAT LIE TAKES ON A LIFE OF ITS OWN; AND OTHER STAFF (MOST NOT INDEPENDENT THINKERS) WILL BLINDLY FOLLOW. SO ALL NAIVE STUFF WILL ALSO EASILY MISCONSTRUE AMBIGUOUS OBSERVATION B/C OF A PREDISPOSED BIAS INSTILLED BY OTHER STAFF, ESPECIALLY

- 8 -

HIGH-RANKNIG STAFF. WITHIN CDCR, RHIGH-RANKING DOES NOT NECESSARILY INCLUDE HIGH I.Q. OR GOOD COMMON SENSE. IN MOST CASES, SUPERVISORS AND MOANAGEGEMENT FIT THE STEREOTYPE OF PRISON STAFF: CORRUPT AND/OR NEGLIGENCE AND/OR INDIFFRERENT; AND/OR LAZY AND/OR PUNITIVE AND/OR DISHONEST AND/OR FAULT-FINDERS [OF INMATES] AND/OR CYNICAL, ETC., MOST EMBODY AT ~~TEL TESLA TO~~ AT ~~LATEASS~~ AT LEAST SEVERAL OF THISESE NEGATIVE QUALITIES.

30) DEFENDANTS ~~THEIR~~ ERRONEOUS PERCEPTIONS TO COMMIT CIVIL RIGHTS VIOLATIONS, CLOUDING MEDICAL JUDGMENTS & ULTIMATELY DENY MEDICAL CARE TO PLAINTIFF. PER SE, TO DENY TREATMENT & "ADA" ACCOMMODATION IS ITS OWN TRAVESTY, BUT TO ~~ALSO AND SEAS~~ ALSO DENY MEDICAL CARE ACROSS THE BOARD B/C OF MISPLACED CONCLUSION REGARDING HEARING-IMPAIRMENT IS GROSSLY ~~AA~~ IRRESPONSIBLE AND TANTAMOUNT TO FLAGRANT VIOLATIONS OF CIVIL RIGHTS IN MANY FORMS.

- 9 -

## CLAIM #1

"ADA" VIOLATIONS; 8TH AMENDMENT, CONSPIRACY, STATE TORTS, ETC., 1ST AMENDMENT, 4TH & 14TH; IIED, NIED, ETC.

33) DEFENDANTS ~~CONSPIRE~~ CONSPIRED TO DENY "ADA" ACCOMMODATIONS FOR HIS HEARING DISABILITY, SIMPLY B/C SELECT STAFF DIDN'T BELIEVE/UNDERSTAND SYMPTOMS OF HEARING-IMPAIRED. DESPTE ALL MEDICAL DOCUMENTATION, HIS DISABILITY WAS IGNORED & DISMISSED. REUSULTING IN SYSTEMIC ABUSE, HARASSMENT, DENIAL OF MEDICAL CARE, ETC.

34) DEFENDANTS NKSP & CDCR ~~WA~~ WERE AWARE OF PLAINTIFF'S DISABILITY, YET TRANSFERRED HIM TO NKSP, A ~~PRI~~ PRISON NOT DESIGNATED TO HOUSE HEARING-IMPAIRED INMATES, NOT DESIGNATED AS A MEDICAL FACILITY, THOUGH PLAINTIFF'S RECORD CLEARLY SHOWS HE IS HIGH RISK MEDICAL INMATE W/ ~~HEARING~~ ASSORTMENT OF CHRONIC SEVERE ~~NEEDED~~ MEDICAL CONDITIONS, AND NKSP STAFF LACKS ~~ST~~ TRAINING FOR SUCH.

35) DEFENDANTS FITE-BARKER, TED KUBICKI & OTHERS ~~SE~~ ERRONEOUSLY MADE WILD ~~CONCLUST~~ ~~FIAS~~ FALSE CONCLUSIONS THAT PLAINTIFF HAD NO DISABILITY BASED ON OBSERVATIONS OF 40+ YARDS AWAY, OBSERVING PLANFF'S INTERACTIONS WITH OTHER INMATES, HAVING NO DEFINITIVE CLUE AS TO QUALITY OF COMMUNICATION, BUT STILL SPREAD DISINFORMATION TO ALL STAFF TO ~~IGN~~ NOT ACCOMMODATE PLAINTIFF'S DISABILITY.

THEY DISREGARD FACT OF DOCUMENTED RECORDS BY NEUROLOGIST ~~OF~~ AND MRI & EEG SHOWING BRAIN DAMAGME, DISREGARD FACT OF GESTURES, NOTES, SIGN ~~LE~~ LETTERING & LIP-READING, WHEN DRAWING FALSE CONCLUSIONS.

36) REGARDLESS OF ASSUMPTIONS, THERAT ~~TO~~ DOES NOT JUSTIFY INSTRUCTING STAFF TO DIENY MEDICAL CARE ACROSS BOARD SIMPLY B/C ~~T~~ SELECT STAFF "~~THINKS~~" DISBELIEF FOR DISABILITY, AND SINTRUCTING STAFF TO DENY MEDICAL CARE IF PLAINTIFF REFUSES TO SPEAK/HEAR NORMALLY.

37) ON 6-6-18, DEFENDANTS BARKER, KUBICKI & OTHERS MADE OBSERVATIONS AT 40+ YARDS ~~A~~ DISTANCE, AND DREW RASH FALSE CONCLUSIONS ABOUT WHETHER PLAINTIFF COULD HEAR OR NOT. SUCH CONCLUSIONS ARE IMPOSSIBLE AT SUCH DISTANCES. EVEN IN CLOSE PROXIMITY CAN BE IMPOSSIBLE. FROM THERE, ABUSE STARTED

38) ON 8-2-~~20~~18, PLAINTIFF WAS ESCORTED BY GUARDS SOTELO & M. HERNANDEZ-REYES TO OUTSIDE APPT w/ NEUROLOGIST, WHERE ~~WI~~ THEY PERSONALLY ~~WI~~ HEARD & READ DR. EXPLAINING THAT PART OF BRAIN IS DEAD (AREA FOR LANGUAGE). THESE ~~WA~~ GUARDS CONVEYED TO NEUROLOGIST THE DISINFO MANY ~~OS~~ STAFF CIRCULATE, AND DR. LAUGHED AT THE IDEA BEING CONTRARY TO MEDICAL EVIDENCE. THE GUARDS TRIED TO CLARIFY REALITY TO OTHER GUARDS, BUT w/ LITTLE TO ∅ IMPACT; AS THE DAMAGE DONE BY MEDICAL CEO KUBICKI, WHO HAS ∅ MEDICAL CREDENTIALS, ~~AND~~ NO TRAING IN HEARING DISABILITY.

- 11 -

39) DEFENDANT MARQUEZ ESCORTED ~~TO~~ PLAINTIFF TO TRANSPORTATION AREA (R&R) FOR THE APPT, AND SHE TOLD SOTELO & REYES THE DISINFO. BUT ~~NOT~~ THEY WROTE ME THAT INFO, AND ~~TO~~ AT APPT TOLD NEUROLOGIST AS EXAMPLE.

40) 8-3-18, RN APPT, RN REFUSED TO WRITE TO COMMUNICATE. NO SERVICE.

41) 8-22-18, DR. CHAU DENIED MEDICALLY NEEDED CERVICAL PILLOW, ORTHODIC SHOES, INSOLES, ETC, ~~BDC~~ DESPITE MEDICAL SPECIALISTS ORDERS, B/C OF CONSPIRACY.

42) 9-21-18, DNP-FNP-C JANET MEDA, REFUSED TO WRITE, AND ~~LEADS~~ MEDICAL CARE.

43) NEUROLOGIST APPT, ESCORTSED BY GUARDS D. SALCIDO & M. GARCIA, WHO ~~BUT~~ ASKED Qs & DR. TOLD THEM ABOUT BRAIN DAMAGE FROM STROKE. THEY WERE UPSET BY THE DISINFO AMONG PRISON STAFF & WROTE ME NOTES SAYING IT'S "WRONG" & ~~OR THEY~~ WOULD TRY ~~WHO~~ TO CONVEY TRUTH, BUT ~~W/~~ W/ LITTLE RESULTS.

44) 11-14-18, DR. UKIOMOGBE WROTE TO PLAINTIFF THAT MANAGEMENT (SHITTU, KUBICKI) REFUSES ALL HIS EFFORTS AND CARE FOR ME B/C OF THEIR ERRONEOUS CONCLUSIONS, ETC., ~~TOHAT A~~ THAT HE KNOWS OF THE GAMES. HE RE-ORDERED AUDIO APPT, ~~TO~~ SPEECH THERAPY, ENT, ETC., AND SAID HE'LL GO TO MANAGEMENT TO ADVOCATE FOR TREATMENT TO CLARIFY TRUTH. TO NO AVAIL.

45) 11-30-18, ON 602 INTERVIEW W/ LT. WADDLE RE: ASSAULT ON ME BY STAFF B/C OF HEARING ~~PR~~ CONFUSION, HE SHOWED ME ~~AN OR~~ OFFICIAL NOTE FROM 602 COORDINATOR

CCII Johnson, saying Plaintiff has no disability.

46) 12-11-18, ENT appt., Dr. Suesbury acknowledged hearing problem, but that didn't stop abuse.

47) 12-12-18, Dr. Ukiomogbe ordered hearing aid, but Shittu stopped that (again).

48) 1-4-19, on 602 interview for hearing dis info, he, too, refused to write. He was 2nd of two 602 coordinators (Johnson).

49) 1-7-19, Dr. Ukiomogbe wrote Shittu keeps denying all his referrals & orders, for podiatrist, DNH (hearing) designation, etc. But he re-did referral for audio appt for hearing aid.

50) 1-17-19, for 2nd time, Shittu present at audio appt to interfer & intruct audiologist to falsify report & notes against Plaintiff. Test results were consistent w/ ENT test, but prison audiologist wrote report incontsistent with acutual test findings. He initially said Plaintiff needed hearing aides.

51) 1-18-19, Janet Meda scanned Plaintiff's list of medical complaints, but didn't act on them, refused to write.

52) 2-20-19, denist Dr. Zendahly wrote: "... Kubicki called, said you can hear & speak normal ... so wwill NOT give treatment unless you talk normal ...."

- 13 -

53) 6-4-18, AT DIRECTION OF ~~SHIT~~ SHITTU, DR. CHAU DENIED ORDER FOR CERVICAL PILLOW FOR DEGENERATIVE NECK INJURY; AND ~~SHO~~ ORTHODIC SHOES FOR ABNORMAL FEET & INJURY.

54) 6-8-~~18~~18, AT DIRECTION OF SHITTU & KUBICKI, DR. CHAU RESCINDED ~~AID~~ HEARING-IMPAIRMENT DESIGNATION, DESPITE BRAIN DAMAGE.

55) 2-27-19, DR. UKIOMOGBE REFUSED TO MAKE REFERRAL TO SPECIALISTS & ORDER CARE FOR PODIATRIST, DERMATOLOGIST, ~~HEARING AID~~, NECK, ORTHO SURGEON FOR FEET ANKLES, SHOULDERS, ETC; SAYING SHITTU WILL OVERRULE ALL, SO FUTILE. AND THAT ~~P~~ FILING 602s ~~PAA~~ IS MAKING WORSE w/ RETALIATION.

56) 3-26-23, UKIOMOGBE ~~SO~~ WROTE SHITTU ~~K~~ CONTINUES OVERRULE HIS ORDERS FOR CARE. EVEN THOUGH, MULTIPLE X-RAYS, MRIs, ETC SHOW INJURY ETC, SHITTU AND KUBICKI KEEPS INTERFERRING w/ TREATMENT.

57) 5-30-19, UKIOMOGBE WROTE SHITTU STILL STOPPING TREATMENT.

58) RN NSONSO INTERVIEWED (5-31-2019) PLAINTIFF ABOUT STATE OF ~~or~~ MEDICAL CARE. ~~Pla~~ HE EXPLAINED ALL THE CONSPIRACY & ~~LACK~~ ~~D~~ SYSTEMIC ABUSE, ETC., SHE SPOKE TO JANET MEDA & RN FITE-BARKER w/o POSITIVE RESULTS.

59) 6-20-19, DENTIST ZENAHLY REFUSED TO WRITE, ~~It~~ SO NO COMMUNICATION ABOUT DENATAL CARE.

60) 6-26-19, UKIOMOGBE WROTE DESPITE HISTORY & MEDICAL EVIDENCE WARRANTING ~~SPECT~~ TREATMENT, CARE, SPECIALIST, ETC., ~~SHIT~~ SHITTU OVERRULES ALL REQUESTS.

— 14 —

THEREFORE, HE WILL NOT MAKE ANYMORE ORDERS & REFERRALS. FUTILE. AND SUGGESTED I FILE LAWSUIT.

61) 7-25-19, PLAINTIFF ASK DR. UKIOMOGBE HOW HE COULD BUY HEARING AIDES, HIMSELF, VIA FAMILY. UKIOMOGBE PLAINTIFF CAN'T.

62) 6-21-18, 10-1-18, 10-26-18, 1-17-19, AND 6-18-19, RN ETRATA ALWAYS REFUSED TO WRITE TO COMMUNICATE, DISREGARD CONTENT OF PLAINTIFF'S NOTES, SOMETIMES IGNORING. RESULTING IN CONFLICT, AND/OR DENIAL OF MEDICAL CARE.

## PRAYER FOR RELIEF

**A. ISSUE DECLARATORY JUDGMENT STATING:**

1. Defendants violated ~~la~~ Plaintiff's ~~rights~~ rights under U.S. Constitution, 1st, 4th, 8th, & 14 Amend., and "ADA."

2. Defendants violated state torts laws for medical malpractice, negligence, gross negligence, IIED, NIED, ~~&~~ and more.

3. Defendants were deliberately indifferent to Plaintiff's ~~par~~ serious/severe medical needs.

B. AWARD COMPENSATION:

    1. $1,000,000 AGAINST ~~DEFENDAN~~ EACH OF DEFENDANTS SHITTU & KUBICKI, FOR EMOTIONAL & PHYSICAL INJURIES; PAIN & SUFFERING, ETC.

    2. $500,000 ~~AGEA~~ AGAINST OF EACH OF REMAINING DEFENDANTS, FOR EMOTIONAL & PHYSICAL INJURIES; PAIN & SUFFERING, ETC.

C. AWARD PUNITIVE DAMAGES:

    1. $1,000,000 ~~EA~~ AGAINST EACH OF DEFENDANTS SHITTU & KUBICKI.

    2. $500,000 AGAINST EACH OF ~~RMAM~~ REMAINING DEFENDANTS.

D. GRANT ~~HE TOT~~ OTHER RELIEF AS IT APPEARS PLAINTIFF IS ENTITLED.

DATED: 8-13-23

*K. Mwasi*
K. ~~MASI~~ MWASI, PLAINTIFF

## VERIFICATION

I, K. MWASI, HEREBY DECLARE UNDER ~~ALL~~ PENALTY OF PERJURY THAT FOREGOING IS TRUE & CORRECT, THAT THIS ~~ME~~ DOCUMENT WAS EXECUTED THIS 13TH DAY OF AUGUST, 2023, AT CORCORAN, CA..

/s/ *K. Mwasi*
K. MWASI, DECLARANT